# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2019

Lyle W. Cayce
Clerk

————

No. 16-20751

————

JOSEPH DACAR, individually and for similarly situated people; JASON WHITELAW; DAVID TARDIFF, et al

    Plaintiffs - Cross-Appellees

LYLE DEROCHE; FELTON RAVIA,

    Plaintiffs - Appellants Cross-Appellees

v.

SAYBOLT, L.P.,

    Defendant - Appellee Cross-Appellant

————————————

Appeal from the United States District Court
for the Southern District of Texas

————————————

ON PETITION FOR REHEARING and
PETITION FOR REHEARING EN BANC

Before DAVIS, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:

The petition for panel rehearing filed by Saybolt, L.P., is DENIED, and no member of this panel nor judge in regular active service on the Court having requested that the Court be polled en banc, Saybolt's petition for rehearing en banc is also DENIED.

1

The Court, however, amends its opinion by adding the following footnote at the end of the third paragraph of section IV:

Because this damages model has not been adequately briefed, we leave for another day whether such a model, or any other damages model, may be appropriate in cases in which an employer fails to satisfy the requirements allowing use of the FWW method.

The Court further substitutes the last footnote of its opinion with the following footnote:

As set forth above, a plaintiff is entitled to overtime pay for any week in which he worked in excess of 40 hours. To determine the amount of overtime compensation due, the district court should first determine a plaintiff's regular hourly rate of pay by dividing the total amount of remuneration paid in a workweek (*including incentive payments*) by the total number of hours intended to be compensated (which, in this case, is the total number of hours actually worked) in that workweek. *See* 29 C.F.R. § 778.207(b). The district should then compute the overtime rate by multiplying the regular rate times 1.5. The overtime rate should then be multiplied by the number of overtime hours worked in the workweek to arrive at the total amount of overtime compensation due for that week. Finally, that total amount should be reduced by the amount of overtime pay the plaintiff has already received from Saybolt for that workweek. *See* 29 U.S.C. § 207(h) (describing which sums may be creditable toward overtime compensation). The remainder is the amount of overtime compensation due to the plaintiff.